IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
AT ATLANTA

| | |
|---|---|
| CBL FAYETTE HOTEL MEMBER, LLC,  )<br> )<br>         Plaintiff,          )<br> )<br>v.                                                )<br> )<br>PHG LEXINGTON FAYETTE, LLC, and )<br>PEACHTREE HOTEL GROUP II, LLC, jointly )<br>and severally,                         )<br> )<br>         Defendants.          ) | Docket No. _____ |

## COMPLAINT

Plaintiff, CBL Fayette Hotel Member, LLC, a Kentucky limited liability company, for its Complaint against PHG Lexington Fayette, LLC and Peachtree Hotel Group II, LLC, jointly and severally state as follows:

### DESCRIPTION OF PARTIES

1. CBL Fayette Hotel Member, LLC ("CBL") is a Kentucky limited liability company with its principal address as CBL Center, Suite 500, 2030 Hamilton Place Boulevard, Chattanooga, Tennessee 37421.

2. PHG Lexington Fayette, LLC ("PHG Investors") is a Georgia Limited Liability Company, having its principal place of business in this jurisdiction, at 3500 Lenox Road, Suite 625, Atlanta, Georgia 30326. PHG Investors may be served with process via its Registered Agent – Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076. PHG Investors has conducted business in the State of Georgia at times pertinent to this action as set forth hereinafter.

3. Peachtree Hotel Group II, LLC ("PHG II") is a Georgia Limited Liability Company, having its principal place of business in this jurisdiction, at 3500 Lenox Road, Suite 625, Atlanta, Georgia 30326. PHG Investors may be served with process via its Registered Agent – Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076. PHG II has conducted business in the State of Georgia at times pertinent to this action as set forth hereinafter.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. §1391(b)(1)-(2).

## FACTS

6. CBL is the owner of certain real property in proximity to Fayette Mall in Lexington, Kentucky (the "Property").

7. PHG Investors and PHG II are or were in the business of developing hotels and possessed certain expertise with regard to the same.

8. In or around 2019, CBL, PHG Investors, and PHG II, together with certain other entities, made the determination to pursue the development of a hotel.

9. To that end, PHG II formed PHG-CBL Lexington Fayette, LLC (the "Hotel Development Company"), a Georgia limited liability company on August 8, 2019. At that point PHG II executed the Operating Agreement of the Hotel Development Company as the sole member and sole manager of said company.

10. Thereafter, effective September 18, 2019, CBL, PHG Investors, and PHG II, together with certain other entities entered into the following agreements (collectively, the "Development Agreement") in furtherance of their development plans:

   a. First Amendment and Restated Operating Agreement of PHG-CBL Lexington Fayette, LLC (the "Operating Agreement," a true and correct copy of which is attached hereto as Exhibit A)[1];

   b. Contribution Agreement (the "Contribution Agreement," a true and correct copy of which is attached hereto as Exhibit B);

   c. Letter Agreement (the "Letter Agreement," a true and correct copy of which is attached hereto as Exhibit C);

11. Pursuant to the terms of the Development Agreement, generally, CBL agreed to contribute the Property where the hotel would be located. The Hotel Development Company would acquire the Property, and thereafter PHG Investors was to contribute certain cash as set forth in the Contribution Agreement and the Operating Agreement.

12. As of September 18, 2019, a commercial building was situated on the Property, containing two commercial tenants. For the parties to effectively pursue their plans relative to the development of a hotel, it was necessary for CBL to relocate the two tenants occupying the commercial building on the Property.

13. The Letter Agreement provides as follows relative to the contribution of the Property:

> The parties further acknowledge and agree that the Property currently has two tenants that will need to be relocated in order to construct the Hotel (the "Relocation"); accordingly, if the [Hotel Development] Company does not acquire the Property on or prior to the date that is twelve (12) months following the date of [the Letter Agreement] (the "Outside Closing Date") other than as a result of (i) a Diligence Prohibition, (ii) a Financing Failure, (iii) an Entitlement Failure, or (iv) CBL's breach of [the Letter Agreement], the Operating Agreement or the Contribution Agreement

---

[1] CBL recognizes that the Operating Agreement contains a section "Dispute Resolution" at Section 15.17. The Letter Agreement (the breach of which is the basis of this Complaint) does not incorporate that provision, specifically, or the Operating Agreement, generally, and CBL therefore believes that filing suit in this Court is appropriate. Should Defendants and this Court believe that complying with the "Dispute Resolution" provisions of the Operating Agreement are necessary and appropriate, then CBL stands prepared to do so.

> *then PHG [defined in the letter agreement as PHG Investors and PHG II, collectively] will reimburse CBL for all costs actually incurred by CBL and its affiliates in connection with the Relocation up to a total amount equal to (x) $1,400,000.00 less (y) out of pocket costs actually incurred by PHG and its affiliates in connection with the transactions contemplated hereby . . . (the "Reimbursement Amount").* [Emphasis added].

14. Consistent with the terms of the Development Agreement, CBL undertook to relocate the tenants from the commercial building on the Property, and as a direct result of its relocation efforts, CBL and its affiliates incurred significant expenses.

15. Notwithstanding CBL's compliance with its relocation referenced above, as of September 19, 2020 (twelve months following the date of the Letter Agreement) the Hotel Development Company failed and refused to acquire the Property.

16. Such failure and refusal was not the result of (i) a Diligence Prohibition (as the same is defined in the Letter Agreement), (ii) a Financing Failure (as the same is defined in the Letter Agreement), (iii) an Entitlement Failure (as the same is defined in the Letter Agreement), or (iv) CBL's breach of [the Letter Agreement], the Operating Agreement, or the Contribution Agreement.

17. Accordingly, as of September 20, 2020, PHG Investors and PHG II became liable to CBL for the Reimbursement Amount (as the same is defined in the Letter Agreement).

18. PHG Investors and PHG II have failed and refused to tender to CBL the Reimbursement Amount.

19. Via correspondence dated February 7, 2022 (the "Demand Letter"), CBL provided notice to PHG Investors and PHG II of Hotel Development Company's failure to acquire the Property, and made demand on them for payment of the Reimbursement Amount in the total amount of $851,224.00. A true and correct copy of the Demand Letter is attached hereto as Exhibit D.

20. PHG Investors and PHG II have persisted in their breach of the Development Agreement.

21. As of the filing of this Complaint the costs actually incurred by CBL and its affiliates in connection with the Relocation as of the filing of this Complaint is $1,126,727.40.

WHEREFORE, Plaintiff prays as follows:

1. That process issue and a copy of the Complaint be served upon the Defendants, requiring them to respond within the time set forth by applicable law;

2. That judgment be entered in favor of Plaintiff and against the Defendants, jointly and severally for all amounts allowed under the terms of the Development Agreement in an amount to be determined at trial plus accrued pre-judgment interest through the date of trial;

4. That Plaintiff recover attorney's fees and costs of collection pursuant to the terms of the Development Agreement;

5. That costs of this cause be taxed against the Defendants; and

6. That Plaintiffs have such other, further, and general relief to which they are entitled.

Respectfully submitted,

EVANS HARRISON HACKETT PLLC

By: _____
Scott M. Shaw, GA Bar #638614
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Telephone:  423-648-7890
Facsimile:  423-648-7897
Email: sshaw@ehhlaw.com
*Attorneys for CBL Fayette Hotel Member, LLC*